**SIRI SHETTY**
LAW OFFICE OF SIRI SHETTY
California State Bar No. 208812
110 West "C" Street #1810
San Diego, California  92101-5008
Telephone No. (619) 602-8479
Email: attyshetty@yahoo.com

Attorneys for Mr. Morales

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

(**HONORABLE ROGER T. BENITEZ)**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No.  08CR0138-BEN |
| ) | Date:     July 21, 2008 |
| Plaintiff, ) | |
| v. ) | |
| ) | STATEMENT OF FACTS |
| ) | AND MEMORANDUM OF POINTS |
| **JONATHAN NICK MORALES,** ) | AND AUTHORITIES IN SUPPORT |
| ) | OF DEFENDANT'S MOTION |
| Defendant. ) | |
| ) | |

**I.**
**STATEMENT OF FACTS**

At approximately 12:23 in the morning on March 6, 2005, Mr. Morales was arrested at the San Ysidro Port of Entry after agents discovered two individuals, who were allegedly undocumented aliens, concealed in a compartment in a vehicle that he was driving.  Agents allege that at approximately 7:20 a.m., Mr. Morales, after being advised of his Miranda rights, elected to make a statement.  According to discovery, Mr. Morales admitted that he was to be paid for smuggling aliens into the United States. Prosecution, however, was declined and Mr. Morales was released.

At approximately 1:17 in the morning on January 2, 2008, Mr. Morales was arrested at the San Ysidro Port of Entry after agents discovered an alleged undocumented alien concealed in the vehicle that he was driving. After his arrest, Mr. Morales was advised of his Miranda rights. During this advisal,

Mr. Morales began crying. After making several statements, Mr. Morales attempted to leave the interview room, and agents terminated the interrogation.

On January 16, 2008, the Grand Jury for the Southern District of California returned an Indictment against Morales. Count 1 alleges that on March 6, 2005, Mr. Morales brought Ms. Margarit Perez-Moreno, an illegal alien, to the United States for private financial gain, in violation of Title 8 U.S.C. §1324 (a)(2)(B)(ii). Count 2 alleges that on March 6, 2005, Mr. Morales brought Ms. Margarit Perez-Moreno, an illegal alien, to the United States without presentation to an appropriate immigration officer, in violation of Title 8 U.S.C. §1324 (a)(2)(B) (iii). Count 3 alleges that on March 6, 2005, that Mr. Morales brought Luz Maria Ramirez-Garica, an illegal alien, to the United States for private financial gain, in violation of §1324 (a)(2)(B)(ii). Count 4 alleges that on March 6, 2005, Mr. Morales brought Ms. Ramirez-Garcia to the United States without presenting her to the appropriate immigration officer, in violation of §1324 (a)(2)(B) (iii). Count 5 alleges that on January 1, 2008, Mr. Morales brought Mr. Pedro Rivera-Cervantes to the United States for financial gain, in violation of §1324(a)(2)(B)(ii). Count 6 alleges that on January 1, 2008, Mr. Morales brought Mr. Rivera-Cervantes the United States without presenting her to the appropriate immigration officer, in violation of §1324 (a)(2)(B) (iii).

These motions follow.

**II.**

**THIS COURT SHOULD SUPPRESS STATEMENTS ELICITED FROM MR. MORALES ON MARCH 6, 2005 AND JANUARY 1, 2008 WHERE THE PROSECUTION CANNOT ESTABLISH THAT HE KNOWINGLY AND INTELLIGENTLY WAIVED HIS CONSTITUTIONAL RIGHTS UNDER *MIRANDA V. ARIZONA* 384 U.S. 436 (1966).**

The Fifth Amendment guarantees that no person "shall be compelled in any criminal case to be a witness against himself." U.S. Const. Amend. V. In order to protect this constitutional guarantee, the United States Supreme Court established "concrete constitutional guidelines" in Miranda. See Dickerson v. United States, 530 U.S. 428, 435 (2000). Specifically, law enforcement officers must provide a suspect with four warnings (the "Miranda rights"): that a suspect "has the right to remain silent, that anything he says can be used against him in a court of law, that he has the right to the presence of an attorney, and that if he cannot afford an attorney one will be appointed for him prior to any questioning if

1 he so desires." Id., citing Miranda 384 U.S. at 479. In essence, "the accused must be adequately and
2 effectively appraised of his rights and the exercise of those rights must be fully honored." Miranda , 384
3 U.S. at 467. In Miranda, the Supreme Court further recognized that even after the required warnings are
4 provided to a suspect, "[i]f the interrogation continues without the presence of an attorney and a statement
5 is taken, a heavy burden rests upon the government to demonstrate that the defendant knowingly and
6 intelligently waived his privilege against self-incrimination and his right to retained or appointed
7 counsel." Id. at 475. Thus, Miranda established that both adequate warnings and a valid waiver were
8 "prerequisites to the admissibility of any statement made by a defendant." Id. at 476; see also Colorado v.
9 Connelly, 479 U.S. 157, 168 (1986) (noting that the prosecution must establish, by a preponderance of
10 evidence, that a defendant knowingly and intelligently waived his Miranda rights).

11       To be voluntary, any waiver of constitutional rights must be "the product of a free and
12 deliberate choice rather than intimidation, coercion, or deception." Moran v. Burbine, 475 U.S. 412, 421
13 (1986). To demonstrate a knowing and intelligent waiver, the government must show that the defendant
14 understood "the nature of the right being abandoned and the consequences of the decision to abandon it."
15 Id. This Court must look to the "totality of the circumstances including the background, experience, and
16 conduct of defendant" to evaluate the validity of any alleged waiver. United States v. Vallejo, 237 F.3d
17 1008, 1014 (9th Cir. 2000). In fact, the Ninth Circuit has recognized that a "defendant's mental capacity
18 directly bears upon the question whether he understood the meaning of his Miranda rights and the
19 significance of waiving his constitutional rights." United States v. Garibay, 143 F.3d 534 (9th Cir. 1998).
20       Here, it is anticipated that the Government will seek admission of statements allegedly
21 elicited from Mr. Morales on March 6, 2005 and January 1, 2008. Based on the totality of circumstances,
22 including Mr. Morales's mental health history, the government cannot demonstrate that his alleged
23 Miranda waivers were knowing, intelligent and voluntary. Indeed, on January 1, 2008, arresting agents
24 terminated their interview of Mr. Morales shortly after the *Miranda* advisal due to his erratic behavior and
25 emotional state. Minimal discovery, however, is available on the interrogation which occurred on March
26 6, 2005. Given Mr. Morales's documented history of mental health issues, however, it is clear that his
27 capacity to intelligently waive his rights is significantly lower than the average suspect. Accordingly,
28 where the prosecution cannot establish a valid waiver, suppression of Mr. Morales's statements is

1 warranted.

## III.

**THIS COURT SHOULD HOLD AN EVIDENTIARY HEARING TO DETERMINE THE VOLUNTARINESS OF MR. MORALES'S STATEMENTS**

This Court must make a factual determination as to whether a confession was voluntarily given prior to its admission into evidence. See 18 U.S.C. § 3501(a).  A confession within the meaning of the statute includes "any confession of guilt of any criminal offense or any self-incriminating statement made or given orally or in writing." 18 U.S.C. § 3501(e). Under section 3501(b), this Court must consider "all the circumstances surrounding the giving of the confession," including:

> (1) the time elapsing between arrest and arraignment of the defendant making the confession, if it was made after arrest and before arraignment, (2) whether such defendant knew the nature of the offense with which he was charged or of which he was suspected at the time of making the confession, (3) whether or not such defendant was advised or knew that he was not required to make any statement and that any such statement could be used against him, (4) whether or not such defendant had been advised prior to questioning of his right to the assistance of counsel, and (5) whether or not such defendant was without the assistance of counsel when questioned and when giving such confession.

18 U.S.C. § 3501(b).

Without the presentation of evidence, however, this Court cannot adequately consider the statutorily mandated factors in evaluating the voluntariness of any incriminating statements elicited from Mr. Morales when he was apprehended by border officials on March 6, 2005 and January 1, 2008. Accordingly, Mr. Morales requests that this Court conduct an evidentiary hearing pursuant to 18 U.S.C. § 3501(a), to determine, outside the presence of the jury, the voluntariness of any self-incriminating statements that the Government intends to offer against him at trial.

## IV.
## CONCLUSION

For the foregoing reasons, Mr. Morales respectfully requests this Court to grant these motions.

Respectfully submitted,

Dated: July 6, 2008

S/ Siri Shetty

SIRI SHETTY

Attorneys for Mr. Morales
Email:attyshetty@yahoo.com